**UNITED STATES BANKRUPTCY COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE LORI L. FORTE,<br><br>　　　　Debtor.<br>_____<br><br>LORI L. FORTE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LAND TITLE AGENCY OF ARIZONA, INC., an Arizona corporation; CHARLES ST. GEORGE KIRKLAND a/k/a CHARLES SAINT GEORGE KIRKLAND a/k/a CHARLES KIRKLAND-LOPEZ and CAROLINA M. LOPEZ a/k/a CAROLINA KIRKLAND LOPEZ, Husband and Wife; VICTOR KIRKLAND and MRS. VICTOR KIRKLAND a/k/a JANE DOE KIRKLAND, Husband and Wife; IVY PROPERTIES, LLC, and Arizona Limited Liability Company,<br><br>　　　　Defendants.<br>_____ | In Chapter 13 proceedings<br><br>Case No. 07-00697-PHX-CGC<br><br>Adv. No. 07-360<br><br>UNDER ADVISEMENT<br>DECISION RE: MOTIONS FOR<br>SUMMARY JUDGMENT |

**I.　Introduction**

On October 31, 2007, this Court conducted a hearing on Defendant Charles St. George Kirkland's ("Charles Kirkland") motion to dismiss. Plaintiff did not file any objection to the motion, but did orally request that any order dismissing Charles Kirkland be without prejudice. The Court granted the motion to dismiss, but denied Charles Kirkland's request for attorneys' fees and costs, indicating that Charles Kirkland could make an application for such fees and costs in the state court action once the merits of the case have been decided.

At this same hearing, in an attempt to help focus the proceedings, the Court asked what

the real pending issues were and how this matter could be resolved most expeditiously. Plaintiff's counsel indicated that this case would come down what he considered the simple fact that Victor Kirkland does not hold a secured claim against Plaintiff because the deed of trust, in the absence of an accompanying promissory note, is invalid to create a secured debt. It was agreed upon by all parties and the Court that the parties would file simultaneous motions for summary judgment on this *sole* issue and that oral argument would be unnecessary. The Court granted the parties five days within which to file their simultaneous motions, with an additional ten days thereafter to file their responses.[1] That has now happened, and the matter is now under advisement.

**II.    Facts**

While the parties vociferously disagree about many of the facts giving rise to this case, the issue upon which the parties agreed to submit motions for summary judgment involves facts that are not in dispute: The issue is purely a question of law. Defendant Charles Kirkland was to help Plaintiff obtain refinancing on her Mesa, Arizona home. The parties appear to agree that Charles Kirkland would receive a commission out of the closing fees. As part of the refinancing process, Debtor acknowledges executing a variety of documents related to the refinancing, including what she refers to as a pro forma deed of trust form. Although not material to the precise issue presented here, she claims that Charles Kirkland promised her the deed of trust would not be used and could not be used to create or record any security interest in her property. She also denies signing any promissory note in relation to the property: Defendants disagree, but aver that for purposes of this motion for summary judgment the Court can assume no promissory note ever existed.[2] Before the refinancing could be acquired, Plaintiff's home fell into foreclosure. To

---

[1]The Court notes that Plaintiff's motion for summary judgment was in fact filed two days late, a point Defendant Victor Kirkland highlights in his response. While a bit ironic, considering Plaintiff's counsel objects to Victor Kirkland's proof of claim for apparently being two days late itself, the Court believes it would be more prudent to resolve this matter on the merits, rather than on a procedural technicality.

[2]Victor Kirkland takes the position that a promissory note was in fact executed among the parties, but that the original has been lost. However, he has attached to his statement of facts what he contends is a copy of the promissory note. Plaintiff challenges its authenticity, as it is unsigned

2

avoid losing the home, Charles Kirkland agreed to advance $11,000 to the mortgage company. According to Plaintiff, Charles Kirkland subsequently and unilaterally named his brother Victor Kirkland as the beneficiary of the pro forma deed of trust.

Plaintiff complains further that Charles Kirkland subsequently refused to obtain the requested refinancing, forcing her to seek refinancing with an unrelated mortgage broker. It was during that process she claims she learned for the first time that Charles Kirkland had recorded the deed of trust. As a result, she brought this adversary seeking a declaration that the lien is invalid, an order voiding the lien because it does not comply with State law, and an order voiding the transfer as a fraudulent conveyance. In addition, she seeks to quiet title to the property in her sole name.

### III. Analysis

Defendant Victor Kirkland's motion for summary judgment is short and to the point. In it, Victor Kirkland points out that Plaintiff admits signing the Deed of Trust attached to her complaint and that the Deed of Trust identifies Victor Kirkland as the beneficiary. Plaintiff also does not deny that, at minimum, a check was issued to in Deovenmuehle Mortgage, Inc., the mortgage company secured by Plaintiff's Mesa property, in the sum of $11,000 by his brother Charles Kirkland and that she has not paid back these funds. The only issue is one of law – whether a deed of trust unsupported by a note is sufficient to create an enforceable lien.

Rather surprisingly, Plaintiff's counsel succumbs to Defendant's position within the first paragraph of his motion for summary judgment:

> Where Plaintiff originally believed that case law could establish that absent a written note, the deed of trust would not be valid, Plaintiff now understands that where consideration had been given either before or contemporaneously to the signing of the deed of trust, the deed might be honored.

However, on pages 16-18 of the brief, he attempts to argue otherwise. The cases upon which Plaintiff's counsel relies though do not support his conclusion. The primary point counsel gets

---

and undated. Whether this promissory note is authentic or not is irrelevant for the reasons stated above.

3

across, and a point that no one disputes, is simply that once an obligation is satisfied, the mortgage itself is discharged. *See Weatherford v. Adams,* 31 Ariz. 187, 200, 251 P. 453 (1926); *Downs v. Zeigler,* 13 Ariz. App. 387, 390, 477 P.2d 261 (1970); *Best Fertilizers of Arizona, Inc. v. Burns,* 116 Ariz. 492, 493, 570 P.2d 179 (1977). The debt here has not been paid: The security therefore has not been discharged.

The fact is neither party has been able to cite to any cases supporting their position. The Court has also attempted to locate authority on this issue and has found none. There are no Arizona cases addressing this issue. Arizona statutory law provides no guidance either. A promissory note, however, is the instrument by which the parties acknowledge debt owed and set forth the terms upon which the debt is owed and must be repaid. The deed of trust generally secures the promissory note. In this case, without the promissory note, the terms of the parties' deal are simply unknown. That does not, however, impact the deed of trust, which can stand on its own. While an evidentiary hearing may be necessary to determine exactly what the parties agreed to, the absence of the promissory note does not invalidate the deed of trust. On this issue, therefore, the Court grants Defendant summary judgment.

In addition to this deed of trust issue, Plaintiff's counsel attempts to raise for the first time on summary judgment additional grounds upon which he believes his client, should win. Particularly, counsel attempts to rephrase this cause of action as a general fraud claim:

> Whether in the context of an apparent scheme to defraud Plaintiff, and absent a written note to establish the criteria for her performance under the terms negotiated by Charles Kirkland to form that contract, have Defendants acted in an attempt to defraud Plaintiff and in bad faith sufficient to either negate the underlying unwritten contract or to not honor the deed of trust?

While Plaintiff pled a fraudulent conveyance claim stemming from the alleged improper recording of the deed of trust, this new tack goes well beyond a simple fraudulent conveyance case. Plaintiff's counsel is attempting to allege a more generalized fraud and/or bad faith claim – that this entire attempt by Charles Kirkland to obtain refinancing for Plaintiff was an attempt by him and his brother, Victor, to gain ownership to Plaintiff's property fraudulently. While such a claim may or may not exist, it has to date not been properly pled and cannot simply be addressed for the

4

first time here on summary judgment. The appropriate avenue would be a motion to amend.[3]

For these reasons, the Court grants Defendant Victor Kirkland's motion for summary judgment on the sole issue that the absence of a promissory note does not invalidate the recording of a deed of trust.[4]

So ordered.

**DATED:** November 26, 2007

CHARLES G. CASE II
UNITED STATES BANKRUPTCY JUDGE

**COPY** of the foregoing mailed by the BNC and/or sent by auto-generated mail to:

Dale E. Whiting
Winter & Whiting, PC
500 W. Ray Road, Suite 1
Chandler, Arizona 85224
Attorneys for Debtor/Plaintiff

Victor Kirkland
2245 S. 84th Street
Omaha, Nebraska 68124
Defendant

Edward J. Maney
Chapter 13 Trustee
P.O. Box 10434
Phoenix, Arizona 85064-0434

---

[3]Plaintiff's counsel encourages the Court to abstain from hearing this matter, claiming the Court lacks jurisdiction, although the exact reasons why are not entirely clear. Plaintiff also complains loudly that Victor Kirkland's proof of claim was untimely and that alone should end this matter in Plaintiff's favor. Whether the claim will be allowed or not is also not a matter to be addressed on summary judgment. The Court notes that Plaintiff has recently filed an objection to Victor Kirkland's proof of claim and that issue will be addressed at the appropriate time in the administrative case. The Court notes, however, that secured creditors are not required to file proofs of claim. Secured creditors retain their rights in their collateral regardless of whether a proof of claim is filed. A proof of claim is only necessary if the secured creditor would like to be paid money from other assets of the bankruptcy case.

[4]Defendant's recently filed Motion to Strike is denied as moot.

5

| | |
|---|---|
| 1 | United States Trustee<br>230 N. First Avenue, Suite 204 |
| 2 | Phoenix, Arizona 85003-1706 |
| 3 | Lori Forte<br>2145 S. Edgewater Circle |
| 4 | Mesa, Arizona 85209<br>Debtor |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

6